IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FILED DEC 21 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 3:12CV897 |
| Plaintiff, | |
| v. | COMPLAINT |
| PARAMOUNT JANITORIAL SERVICES, INC. | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Cynthia Williams, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Paramount Janitorial Services, Inc. ("Defendant") discriminated against Cynthia Williams ("Williams") by discharging her in retaliation for complaining about racial harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Richmond Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Virginia corporation doing business in the state of Virginia with its principal place of business located in the city of Petersburg, Virginia and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Williams filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Williams, who is African American, began working for Respondent as a janitor on or about May 17, 2010. In April 2011, Williams was assigned to work at an apartment complex in Henrico, Virginia (hereafter "the facility"). Around April 24, 2011, Defendant engaged in an unlawful employment practice in or near Henrico, Virginia, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Williams from her janitorial position

in retaliation for her complaints about racial harassment. Racial harassment is unlawful under Title VII.

8. More specifically, around November 2010, Williams' supervisor, who is white, began referring to Williams and other employees working on Williams' cleaning crew, all of whom are African-American, by terms such as "you people." In or around December 2010, Williams' supervisor began telling Williams and other employees working on Williams' cleaning crew that if they did not improve their performance, he was going to go get his "nigger stick and beat [their] ass." On or around Friday, April 22, 2011, Owens threatened to get his "nigger stick and beat [Williams'] ass." The same day, Williams complained to Defendant's owner, who is also the company president (hereinafter referred to as "president") about the supervisor's racist remarks, telling the president that her supervisor referred to her as "nigger" and threatened to hit her with his "nigger stick." This complaint by Williams constituted protected activity under Title VII.

9. Defendant's president sent Williams home for the balance of the day and immediately informed the supervisor about Williams' complaint that the supervisor had subjected her to racially offensive language. Williams never returned to work for Defendant because on or about Sunday, April 24, 2011, Williams' supervisor called Williams on the phone and discharged Williams. Williams was discharged by her supervisor while at home, on the weekend, and only two days after the supervisor learned that Williams had complained about the supervisor making racially offensive comments. At the time of her discharge, Williams was meeting Defendant's legitimate job expectations in performing her job. Williams was discharged because she complained about her supervisor's racial harassment.

10. The effect of the practices complained of above has been to deprive Williams of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Williams.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against employees because they have opposed employment practices made unlawful by Title VII or otherwise engaged in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who oppose, or have opposed unlawful employment practices or otherwise engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Williams whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make Williams whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Williams whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Williams punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this the 21st day of December, 2012.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney

KARA GIBBON HADEN
Virginia State Bar No. 29682
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

_____
SUZANNE L. NYFELER
Virginia State Bar No. 40450
Senior Trial Attorney
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 771-2215
Fax:    (804) 771-2222
Suzanne.nyfeler@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**